## SAWYER v. LANDERS & SON.

1. **Ad Quod Damnum:** RIGHTS OF MORTGAGEE: WHEN NOT MADE A PARTY. A mortgagee, who is not made a party to proceedings for the condemnation of right of way for a railroad over the mortgaged property, may waive the omission and assert his claim to the award in the hands of the sheriff, and such claim, where it is shown that the property is insufficient to pay the mortgage debt, and that the mortgagor is insolvent, constitutes a lien thereon superior to that of a prior attachment levied by a creditor of the mortgagor.

*Appeal from Winneshiek District Court.*

SATURDAY, JUNE 18.

THIS is an action in chancery. It is averred in the petition in substance that in 1879 the plaintiff sold to one Johnson, who was made a defendant, certain real estate, and to secure the payment of the purchase money Johnson executed to plaintiff a mortgage thereon, and that the whole amount secured by said mortgage is now due; that in June, 1880, the Waukon and Miss. Railroad Co. located its line of road upon and over said mortgaged premises, and caused a sheriff's jury to be summoned who assessed the damages at $100, and no appeal was taken therefrom; that said railroad company took possession of the right of way and excavated and

made embankments thereon to the damage of the land in the sum of $100; that the railroad company paid said sum to the sheriff, and that the defendants, S. W. Landers & Son, were at the time of the condemnation proceedings creditors of Johnson, and that they commenced an action by attachment before a justice of the peace and against Johnson, and said sheriff was garnished as a supposed debtor of Johnson, and that by said proceedings Landers & Son are about to subject the $100 to the payment of their claim against Johnson; that Johnson is insolvent and said land is insufficient in value to secure plaintiff's claim; that plaintiff has no speedy or adequate remedy at law.

An injunction was prayed restraining further proceedings in said attachment suit, and asking judgment and decree of foreclosure, and that the $100 be subjected to the satisfaction of the plaintiff's mortgage.

The defendants, Landers & Son, and the justice of the peace, who was made a party defendant, moved to dissolve the injunction. The motion was overruled. Defendants excepted and appeal.

*Brown & Wellington*, for appellants.

*O. J. Clark*, for appellee.

Rothrock, J.—I. After the motion to dissolve the injunction was overruled, and before the appeal was taken, the plaintiff filed a written dismissal of the action as to the justice of the peace before whom the attachment proceedings were pending, and the proper record entry thereof was made by the clerk of the District Court. We are therefore relieved of the consideration of such questions as were raised in the court below as to the authority of the court to enjoin the said justice from proceeding with the attachment suit which was pending before him.

II. The court below has certified certain questions to us

which we will proceed to determine. The first question is this: Has the plaintiff under the facts stated in the petition a specific lien on the money alleged to be in the hands of the sheriff, superior to the lien acquired by the defendants, Landers & Son, under the writ of attachment issued by the defendant, J. G. Moss?

1. AD QUOD damnum; rights of mortgagee: lien.

It will be observed from an examination of the allegations of the petition that the plaintiff was not made a party to the proceedings to condemn the land for the railroad right of way. His mortgage lien therefore was in no way impaired by the *ad quod damnum* proceedings. If he had so elected he might have proceeded with his foreclosure, and the interest of the railroad company in the land would have been junior and inferior to the lien of his mortgage. *Severin v. Cole,* 38 Iowa, 463. But he avers in his petition that the possession of the railroad company, and the excavating and filling thereon, damaged the land to the extent of $100, the amount awarded by the sheriff's jury. The question is, may he by averring the insolvency of the mortgagor and the insufficiency of the mortgaged premises to satisfy the mortgage, adopt the finding of the sheriff's jury as to the damage to the lands, and waiving his right to have been made a party to the condemnation proceedings, subject the money in the sheriff's hands to the payment of the mortgage? If he may, his lien, although it may not be strictly accurate to designate it as a " specific lien," is paramount to the rights of an attaching creditor of the mortgagor.

As we understand the petition the railroad company has paid in full for the right of way. Indeed, we can hardly suppose a case where a sheriff's jury could apportion the damages between the owner and a person holding a mortgage upon the land. Such an adjustment of the rights of owners and other parties in interest is not within the province of such a tribunal. They estimate the value of the right of way only. Now, it would be grossly inequitable to compel the railroad company to pay twice for the same right, by al-

lowing the owner, or what is the same thing, his creditors, to sieze the money in the hands of the sheriff, and then subject the right of way to the payment of the mortgage. We are clearly of the opinion that in such case the mortgagee may waive the omission to make him a defendant and voluntarily assert his right to the money in the hands of the sheriff. The views here expressed are supported by the case of *Platt v. Bright*, New Jersey Court of Chancery; The Reporter, Vol. 9, 148; and see same case as affirmed by the Court of Errors and Appeals; The Reporter, Vol. 10, p. 177.

III. The next question certified is as follows: "Under the facts stated in the petition, has the plaintiff an adequate remedy at law?"

We think this question must be answered in the negative. The action is for the foreclosure of the mortgage, and for the adjustment and determination of a conflicting claim upon the proceeds of part of the mortgaged property. As between all the parties to the action it clearly appears to us that the questions involved are of equitable cognizance.

IV. The next and last question certified is in substance whether the defendants should be restrained from taking the answer of the sheriff in the attachment proceedings. As we have held that under the allegations of the petition the plaintiff's right to the fund was superior to the right of an attaching creditor, it follows that such creditor should be restrained from taking any action looking to an appropriation of it, in payment of his claim against the mortgagor.

AFFIRMED.