KANSAS CITY, Plaintiff, v. NORTH AMERICAN TRUST COMPANY, Respondent, D. D. DENHAM, Appellant; KANSAS CITY ELEVATED RAILWAY CO. et al., Defendants.

**Kansas City Court of Appeals, February 27, 1905.**

1. **CONDEMNATION: Mortgagees: Marshalling Assets: Interest.** A prior mortgagee is entitled to priority of payment including interest after judgment of condemnation until payment out of the fund awarded as damages as a condemnation proceeding against the mortgaged land.

2. ——: ——: ——: ——: **Kansas City Charter: Appeal.** The provisions of the Kansas City charter suspending the judgment in case of appeal and interest pending the appeal relates only to the landowner and cannot affect the rights of the prior mortgagee to have his interest between the date of the judgment and its affirmance on appeal.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*H. M. Meriwether* and *C. E. Denham* for appellant.

(1) The condemnation of mortgaged real estate has the effect of foreclosing such mortgage on the date of the confirmation by the circuit court of the jury's verdict. In re City of Rochester, 136 N. Y. 89; Ins. Co. v. Smith, 35 N. Y. 301. (2) Where mortgaged real estate is taken under condemnation proceedings the lien of such mortgage is divested and transferred to so much only of the award allowed for the land as is required to extinguish the mortgage at the date on which the condemnation verdict is confirmed by the circuit court. Ins. Co. v. Smith, supra. (3) Condemnation of real estate consumes the fee simple title

and all lesser estates, including mortgages and deeds of trust, and substitutes therefor an equitable lien upon the award to the amount of such interest. Bonner v. Peterson, 44 Ill. 257. (4) The confirmation of condemnation proceedings gives to the mortgage holder a judgment lien against the city on which no interest shall be allowed or collected. Sec. 18, art. 10, Charter of Kansas City 1898. (5) The fact that an appeal was taken from the order of confirmation and prosecuted until a final decision was obtained upon it, in no manner changed the effect of the confirmatory order foreclosing the mortgage. Ins. Co. v. Smith, supra; In re Paseo, 78 Mo. App. 521. (6) If the mortgage holder is entitled to any further interest after the confirmatory order of the circuit court, it is clearly not as against the city or the subsequent mortgagee, but can only be against the maker of the note by reason of there being a deficiency judgment against him personally.

*Scarritt, Griffith & Jones* for respondent.

(1) The argument and conclusion of appellant Denham is based upon the false premise that the order of court confirming the verdict of the jury in the condemnation case, gave to the North American Trust Company, mortgagee, in lieu of its mortgage, merely a personal judgment against Kansas City. Kansas City satisfies the judgment as far as it is concerned, by payment of the award into court. The claim of the mortgage must be satisfied by an enforcement of its lien against the *rem*. The provision of the city charter, in question, is solely for the benefit and protection of the city. Sec. 18, art. 10, Kansas City Charter. (2) The theory of the framers of the charter was, that pending an appeal, the owner of the property had the possession of and the beneficial enjoyment of the property, and was, therefore, entitled to no interest on the award therefor. The provision was clearly not intended to

affect the distribution of the fund among the claimants therefor. Thompson v. Railroad, 110 Mo. 163; Railroad v. Baker, 102 Mo. 553; Jones on Mortgages (2 Ed.), sec. 708; Condemnation v. Todd, 112 Ill. 379; Boutelle v. Minneapolis, 59 Minn. 493. As to liens the awards of the jury stand in place of the land. Ross v. Kendall, 81 S. W. 1107. (3) The note and mortgage in question are a solemn contract. By them it is provided that the owner of the note and mortgage shall have interest on the principal sum after maturity until the same is paid, at the rate of eight per cent per annum, and that he shall have security therefor upon the land in question. The only chance the mortgagee has to recover his mortgage debt is out of the property or the fund in question. We submit that to hold that a charter provision, made on June 6, 1895, could nullify or in any way change or affect the contract of the mortgage executed August 1, 1891, would be to permit a law of the city to impair the obligation of an existing contract and in conflict with section 15 of article 2 of the Constitution of this State, and section 10 of article 1 of the Constitution of the United States, which prohibits the passage of laws impairing the obligation of contracts. R. S. 1899, sec. 3707; Plum v. Kansas City, 101 Mo. 525. (4) As between the claimants to the fund in question, the construction of the contract in question, viz.: The mortgage is a matter of general and not of local law. In such matters, if there is a conflict between the general and local law, the latter must give way to the former. State ex rel. v. Police Com., 80 Mo. App. 206; State ex rel. v. Railroad, 117 Mo. 1; Bradley v. St. Louis, 149 Mo. 122. (5) The charter of Kansas City is subject to the Constitution and laws of the State, and if any provision of the charter is not in harmony with the Constitution and laws of the State, the latter must control. Kansas City v. Scarritt, 127 Mo. 642; Bradley v. St. Louis, 149 Mo. 122; Haag v. Ward, — Mo. —.

ELLISON, J.—Prior to June 19, 1900, certain real estate in Kansas City, Missouri, stood on the records in the name of M. J. Payne, encumbered by two deeds of trust in the following order and priority: The first note and deed of trust executed by said Payne and wife in favor of Jarvis-Conklin Mortgage Trust Company, all interest therein now being held by North American Trust Company, respondent herein. The second note and deed of trust, executed by said Payne and wife, is in favor of E. C. Lee, all interest therein now being owned and held by D. D. Denham, appellant, the original applicant in this matter.

Subsequent to said deeds of trust Kansas City instituted condemnation proceedings in the circuit court of Jackson county condemning said real estate for park purposes, and a verdict divesting all private ownership in said property and allowing the sum of $5,966.50 therefor, was duly rendered by the jury, and confirmed by that court on June 19, 1900. Said condemnation proceeding was then taken on appeal to the Supreme Court and was there affirmed in August, 1903. In March, 1904, the city paid into court the amount of the award allowed for said property. Thereafter and by agreement of the parties and under order of court, the North American Trust Company withdrew from the amount so deposited in court the sum of $2,165.80, being the amount of the principal of its note with eight per cent interest thereon to June 19, 1900, the date of the circuit court's judgment. The balance of said award, less the sum of $577.20, was by said agreement and order of court, paid over to D. D. Denham to be applied on the note owned by him, leaving the latter sum in dispute between the trust company and Denham.

Denham then filed a motion asking to have said sum of $577.20 paid to him to be applied upon his note, there still being a deficiency thereon greater than the said amount. The trust company filed a counter-motion

asking that said amount be paid to it as interest at eight per cent upon its note from the date of the judgment in the trial court (June 19, 1900) to the time of the making of the orders of court heretofore mentioned. The court upheld the contention of the trust company that it was entitled to interest on its note after the date of the judgment in the trial court and that said interest should be paid out of said award, ordered said sum of $577.20 paid to the trust company, sustaining said counter-motion of said trust company and denied the original motion filed by Denham, from which order the finding of the court Denham takes this appeal.

The view of the trial court was undoubtedly correct. The money paid into court by Kansas City under the condemnation proceedings stood in place of the land taken by the city and the liens of the encumbrances on the land were transferred to the fund thus paid in, in the order of priority that they held on the land itself before it was taken by the city. [1 Jones on Mort., sec. 708; Thompson v. Railroad, 110 Mo. 163; Boutelle v. Minneapolis, 59 Minn. 493; South Park v. Todd, 112 Ill. 379.] The first holder of the deed of trust is entitled to priority of payment of amount due thereon on the day of payment, or tender to him, without regard to the date of the judgment of condemnation in the trial court. The owner of the deed of trust cannot be deprived of his contractual right to have interest out of the land, or the fund representing the land, until his money is paid to him, or the fund has been exhausted.

But it is contended that the following, found in the provision for appeal in condemnation proceedings (section 18, article 10, Charter, Kansas City), prevents the trust company, as holder of the first security, from drawing interest on such security until after the appeal has been decided by the Supreme Court, viz.: "In case of appeal, the judgment shall stand suspended until the appeal is disposed of, and no interest shall be allowed or collected on the judgment or on the assessments until

such judgment be affirmed or appeal be dismissed.'' That provision affects the owner of the land. He is not deprived of his property and its use until after his appeal has been decided and, for that reason, ought not to have interest until after that time. The provision was not intended to reach those who might have contracts with such owner whereby they were secured on the land for the payment of interest. It does not follow that because the charter suspends the right of the owner to interest *on* the fund, that a third party's right should be suspended to interest *out* of the fund.

In support of the argument against the view taken by the trial court, we are cited to Matter of City of Rochester, 136 N. Y. 83. That case does not sustain appellant, but, in our view, is to the contrary. For it is there recognized that the lienor has his lien on the fund for whatever he lacks of getting the full payment of his claim from other sources. The court said: ''The balance of the land only (remaining after city's condemnation of water right) could be sold and conveyed on the foreclosure (of mortgage); the referee's deed could convey and did convey only that balance; and the right of the mortgagees became merely an equitable lien upon the fund in the hands of the court to the extent of any deficiency which the land sold did not pay.'' The same may be said of Home Ins. Co. v. Smith, 35 N. Y. (S. C.) 301. We have not been able to find any authority which, before payment of the debt, would justify a court in cutting off the mortgagee's right to interest to be paid out of the land, or the fund representing the land, until such security is exhausted.

The judgment is affirmed. All concur.