[Civ. No. 3760. First Appellate District, Division One.—April 13, 1921.]

## EMMA ROSE et al., Respondents, v. HENRY CONLIN, Appellant.

[1] MORTGAGE—FORECLOSURE—DESCRIPTION—ESTOPPEL.—The successor in interest of a mortgagor cannot be heard to contend that the mortgage of his predecessor in interest did not embrace in its description certain land included in the decree of foreclosure, where no appeal was ever taken from the decree.

[2] ID.—COMPENSATION FOR MORTGAGED LAND—TAKING UNDER LAW OF EMINENT DOMAIN—LIEN OF MORTGAGE.—A judgment in favor of the mortgagor in an action against a railroad company to recover compensation for the taking and use of a parcel of the mortgaged land by the company under the law of eminent domain stands in lieu of the land so taken, and the lien of the mortgage extends thereto.

[3] ID.—DEFICIENCY JUDGMENT—RIGHT OF MORTGAGEE — APPLICATION OF JUDGMENT IN COMPENSATION ACTION.—A mortgagee who was not made a party to an action by the mortgagor against a railroad company, pending proceedings for the foreclosure of the mortgage, to recover compensation for the taking and use by the railroad company of a parcel of the mortgaged land for railroad purposes, is entitled to commence and maintain an action against the successor in interest of the mortgagor to have it determined that she is equitably entitled to the benefits of the judgment obtained against the railroad company, where there is a deficiency judgment in the foreclosure proceeding.

[4] ID.—ACTION BY MORTGAGEE—TITLE OF RAILROAD COMPANY—DEFENSE NOT AVAILABLE TO MORTGAGOR.—Where, in an action by a mortgagor against a railroad company to recover compensation for the taking and use of a parcel of the mortgaged land, the company contended that it had acquired by long user a permanent right, and the court decided adversely to such contention, the mortgagor could not, in an action by the mortgagee to have it equitably determined that she was entitled to the benefits of the judgment in the compensation suit, set up the existence of such permanent right in the railroad company.

[5] ID.—ACCRUAL OF CAUSE OF ACTION.—The right of a mortgagee to commence and maintain an action to have it equitably determined that she was entitled to the benefits of a judgment obtained by the successor in interest of the mortgagor in a compensation suit arose when there was a *res* to which the remedy sought therein could be applied in the form of a final judgment in the defendant's favor for compensation.

52 Cal. App.—15

APPEAL from a judgment of the Superior Court of San Mateo County. John L. Hudner, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Charles W. Cobb, Henry Conlin and Edgar C. Chapman for Appellant.

Garret W. McEnerney for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff Emma Rose in an action wherein the plaintiffs sought to have it determined that the said Emma Rose was the equitable owner of a certain judgment for the sum of $15,560, which had been recovered by the defendant Henry Conlin in the case of *Conlin* v. *Southern Pac. R. R. Co.*, 40 Cal. App. 743, [182 Pac. 71].

The facts out of which that case and also the present case arose may be summarized as follows: The San Francisco & San Jose Railroad Company was incorporated under the laws of the state of California on August 18, 1860, for the term of fifty years, and for the purpose of constructing, maintaining, and operating a railroad between San Francisco and San Jose. On June 6, 1862, Alvinza Hayward, who was then the owner in fee simple of a tract of land at or near the city of San Mateo, conveyed to said San Francisco & San Jose Railroad Company an estate in a portion of said land which this court, in construing the deed of conveyance thereof, determined to be an estate for years therein, or, to be specific, fifty years, in the case of *East San Mateo Land Co.* v. *Southern Pacific R. R. Co.*, 30 Cal. App. 223, [157 Pac. 634]. This estate for years was transferred to several successive railroad corporations until it vested in the Southern Pacific Railroad Company, the defendant in the two cases above referred to, and was adjudged in the case of *Conlin* v. *Southern Pac. R. R. Co.*, *supra*, to have expired on August 18, 1910. After the expiration of said term of years the said Southern Pacific Railroad Company continued in the possession of the tract of land affected by said former estate for years and is still in possession of the same in the course of the maintenance

and operation of its railroad system from San Francisco to San Jose and beyond. In the meantime Alvinza Hayward died, and his daughter, Emma Rose, one of the plaintiffs herein, succeeded to and became the owner of the estate of her deceased father in the lands out of which said estate for years had been carved, and of the reversionary rights in and to said lands after the termination of said estate for years. On September 8, 1908, said Emma Rose conveyed certain of the said lands which she had thus succeeded to as the daughter and heir of Alvinza Hayward, deceased, to East San Mateo Land Company, a corporation, and in such conveyance she included her reversionary interest in the lands (which may be designated as the railroad parcel) so determined by this court in the case of *East San Mateo Land Co.* v. *Southern Pac. R. R. Co.*, *supra*, and is, therefore, no longer susceptible of dispute—and least of all by those who have succeeded to whatever interest the said East San Mateo Land Company acquired and in that case asserted by virtue of said conveyance from Emma Rose to it. On said September 8, 1908, and as a part of the same transaction by which it acquired said lands and interest from said Emma Rose, the said East San Mateo Land Company executed a mortgage back to her for a considerable portion of the purchase price of said properties. Some question has been raised in this case as to whether said mortgage in its description of said properties embraced the reversionary interest in said railroad parcel, and while it is true that there are certain differences in the wording of the conveyance to said corporation of this particular portion of said properties, and of the mortgage given back by it to Emma Rose, we are not only satisfied that these differences in verbiage did not suffice to show an intent in the parties to the entire transaction to exclude the reversionary interest in said railroad parcel from the effect of said mortgage, but we are further satisfied that this question is no longer open to consideration for other reasons which will be presently made to appear.

On November 29, 1912, an action was commenced for the foreclosure of the mortgage last above referred to, the nominal plaintiff in said action being Andrew F. Burke, who purported to be acting in said matter as the assignee of Emma Rose, but who, it is conceded, was acting in

the premises merely as her agent and trustee. The defendants in said foreclosure suit were the East San Mateo Land Company, the Southern Pacific Company, and other persons. The complaint in said foreclosure suit expressly averred that the said railroad parcel and the respective rights of the defendants therein were among the properties affected by said mortgage, the foreclosure of which was sought in said action, and the *lis pendens* in said action also expressly referred to said railroad as affected by said foreclosure suit. The said defendant East San Mateo Land Company was duly served with summons in said action and entered its appearance therein, raising certain issues which were heard and determined in said suit. The said Southern Pacific Company was also served with summons in said action, and it also appeared and answered therein. One of the issues which the last-named defendant presented in its said answer consisted in its claim that the plaintiff therein, Emma Rose, had no interest in the said railroad parcel, basing its said claim upon the ground that paramount title had been acquired by the railroad company prior to August 20, 1908, growing out of its occupation and use of said premises for railroad purposes. With respect to this issue the trial court upon the hearing of said foreclosure suit expressly refused to determine it, and so declared in its finding, and provided in its decree that nothing therein contained should be deemed to be an adjudication upon the question of the paramount title of the railroad company to that particular parcel of land.

[1] The decree of foreclosure in said action was made and entered on June 2, 1917, but was so made and entered *nunc pro tunc* as of December 5, 1916. No appeal was ever taken from said foreclosure decree, which included in its terms an express description of the said railroad parcel as being a portion of the premises embraced in said mortgage and affected by said decree in so far as the rights and interests of the mortgagor were concerned, and this fact supplies, in our opinion, the additional and conclusive reason why the defendant and appellant, Henry Conlin, in the present action, as the successor in interest of said mortgagor, cannot be heard to contend that the mortgage of his predecessor in interest did not embrace in its description the said railroad parcel, including whatever interest therein had

been acquired by it through the conveyance from Emma Rose.

[2] Subsequent to the making and entry of said foreclosure decree an order of sale was duly issued thereon, and on February 24, 1917, a foreclosure sale was had under said order, at which sale said railroad parcel was struck off to said Andrew F. Burke acting as the agent for said Emma Rose. The sum realized at said foreclosure sale being insufficient to satisfy the judgment in said action, a deficiency judgment was docketed on December 4, 1917, for the sum of $25,038.93. On December 2, 1918, a commissioner's deed was duly issued to Emma Rose as the person then entitled thereto under said foreclosure sale, which deed embraced in its description of the properties covered by it the said railroad parcel of land. In the meantime, and while the foreclosure proceedings above referred to were going on, the East San Mateo Land Company, as the then owner of said railroad parcel of land, commenced an action to recover compensation from the Southern Pacific Company for its continued occupation and use for the purposes of its railroad system of the said railroad parcel of land after the expiration of the estate for years granted to its predecessor therein by Alvinza Hayward, as above set forth. The complaint in said action alleged that said plaintiff therein was the successor by mesne conveyance of all the right, title, and interest of said Alvinza Hayward in said parcel of land; that the estate for years granted by said Alvinza Hayward to the predecessor of the defendant in that action had ceased and terminated on August 18, 1910, and that thereupon the estate in remainder and reversion had reverted to and become vested in the plaintiff in that action, and that the defendant therein had immediately upon the termination of its said estate for years therein appropriated and continued to use said parcel of land for its benefit as a railroad corporation and for its right of way for the operation of its railroad system thereover without having paid said plaintiff compensation for said appropriation and use. These allegations were followed with a prayer for the value of the land so taken, appropriated, and used in the sum of $77,800. A more particular reference to the extended averments of said complaint would serve to show beyond reasonable dispute, in

our judgment, that said action thus brought by said East San Mateo Land Company was one essentially and solely for the recovery of such compensation for the taking and use of said parcel of land by said railroad company as it would have been the right of said East San Mateo Land Company, as the then owner of said land, to have had awarded to it in a proceeding for the condemnation of said land and of all necessary rights of way thereover under the law of eminent domain had such a proceeding been initiated by said railroad corporation; and that this being so, whatever sum of money the trial court should determine to be due and payable to the plaintiff in such an action must be held to stand in lieu of the land so taken and used by the railroad company for *quasi*-public uses under the law of eminent domain. The following authorities so hold, and we are satisfied that their conclusion in that regard is sound, equitable doctrine, and is susceptible as such to application to the facts of the case at bar: *Sawyer* v. *Landers,* 56 Iowa, 422, [9 N. W. 341]; *Platt* v. *Bright,* 31 N. J. Eq. 81; *Bright* v. *Platt,* 32 N. J. Eq. 362; *Kansas City* v. *North American Trust Co.,* 110 Mo. App. 647, [85 S. W. 681].

Our attention has been called to the case of *Anderson* v. *Citizens' Sav. & Trust Co.,* 185 Cal. 386, [197 Pac. 113], which is claimed by appellant as authority for its contention that the plaintiff herein should have asserted her claim in the compensation suit, and that not having done so, the judgment in that suit is to be held to be final in determining who was entitled to such compensation. It is sufficient to say, however, in response to this contention, that the plaintiff herein was not made a party to the action commenced by the East San Mateo Land Company against the Southern Pacific Company to recover compensation for the lands, premises, and rights of way appropriated and being used by it and which were covered by this plaintiff's mortgage then in course of foreclosure; nor was said plaintiff brought into said action at any time prior to the rendition of the judgment therein rendered in favor of Henry Conlin, successor in interest of the original plaintiff in that action by virtue of transfers made by it of its rights of action after said suit was begun. It may be said that the plaintiff herein could have injected herself into that action as

intervener therein, and thus had the rights and claims
which she here asserts determined therein. Had she done
so it cannot be questioned that the trial court in that
action would have been bound to take cognizance of her
equitable interest in said railroad parcel of land by virtue
of her mortgage thereon, and have protected that interest
in its judgment awarding compensation to the parties en-
titled thereto for the taking and use of said land by the
railroad under its right of eminent domain; but the plain-
tiff was not bound to inject herself into that case, and
had she sought to do so at any time prior to the sale in
the foreclosure suit she would doubtless have been met with
the proposition that · the other properties covered by her
mortgage would suffice to pay her debt, and that she must
exhaust her remedies as to those before she could claim the
right to any part of the compensation to be awarded to
the plaintiff therein in the action instituted by him. The
course pursued by the plaintiff herein, while attendant with
certain risks, would seem to be the logical and orderly
course to be pursued by her. She had instituted her
foreclosure suit before the East San Mateo Land Com-
pany, her immediate debtor, began its suit for compensation
against the railroad company. She pursued that fore-
closure suit to its termination in a foreclosure sale with
the result that on November 24, 1917, she became, through
her agent, the purchaser of all of the properties upon
which her mortgage had been foreclosed, including the rail-
road parcel, for the taking of which by the Southern
Pacific Company the defendant herein was still prosecuting
his action for compensation. On December 14, 1917, a
deficiency judgment in her favor was docketed in the sum
of $25,083.93. On December 2, 1918, a commissioner's
deed was executed to her conveying, among other properties,
the said railroad parcel, which deed, under well-known
rules of law, related back to the date of her mortgage, and
reinvested her with all of the right to and interest in
the said parcel of land for the purchase money of which
said mortgage had been given. (*Dickey* v. *Gibson*, 121
Cal. 276, [53 Pac. 704]; *Beronio* v. *Ventura County Lum-
ber Co.*, 129 Cal. 232, [79 Am. St. Rep. 118, 61 Pac.
958]; *People's Sav. Bank* v. *Hodgdon*, 64 Cal. 95, [27
Pac. 938].) In the meantime the defendant's action for

compensation for the taking and use of said parcel of land by the railroad under its right of eminent domain was still pending, and was not finally determined upon appeal so as to become a final judgment until the denial of a rehearing by the supreme court of the case of *Conlin* v. *Southern Pac. R. R. Co.*, 40 Cal. App. 743, [182 Pac. 71]. The present action was commenced on May 19, 1919. In thus proceeding to a foreclosure and sale under her mortgage and to the issuance of a commissioner's deed thereunder the plaintiff herein, Emma Rose, had reinvested herself with the ownership of this particular portion of the properties mortgaged to her, and had also procured a deficiency judgment for the sum still remaining due and payable upon said mortgage. In so doing she was apparently following to its logical conclusion the procedure intimated, if not expressly decided, in the case of *Reed Orchard Co.* v. *Superior Court*, 19 Cal. App. 648, 665, [128 Pac. 9, 18], wherein the appellate court, quoting from the case of *Matter of Morris Avenue*, 118 App. Div. 121, [103 N. Y. Supp. 182], said: "The question as to the right of an award between a mortgagee and the owner of the equity has arisen in several cases and the rule seems to be well established that where a mortgage has been given upon property prior to the taking of a portion thereof by the city, if upon a foreclosure and sale after the taking by the city the amount realized is insufficient to meet the mortgage debt, the lien of the mortgage would extend to and embrace so much of the damages awarded as should be needed to make good the deficiency."

[3] We are satisfied from the foregoing facts and cases that the plaintiff herein was entitled to commence and maintain this action for the purpose of having it determined that she was equitably entitled to the benefits of the judgment obtained by the defendant Henry Conlin herein against the railroad company.

[4] It may be proper at this point to refer briefly to certain further contentions urged by the appellant herein. Among these is the contention that the railroad company, by virtue of its occupation and use of the parcel of land in question for the permanent and *quasi*-public uses and purposes of a railroad right of way, had thereby acquired long prior to the date of the acquisition of any interest

in said premises by Emma Rose, and therefore long prior
to the conveyance by her to the predecessor of the defendant
herein, of said railroad parcel, and of its mortgage back
to her, a permanent title or permanent right of occupancy
of said parcel of land which was paramount and superior
to her said conveyance and mortgage, and hence was
not covered thereby; and that this being so, the plaintiff
herein could not have acquired any right to share in the
benefits of the judgment obtained by the defendant herein
against the railroad through the foreclosure of said mort-
gage and sale to her of said mortgaged premises. We
perceive no merit in this contention. It was made by the
railroad company in the action for compensation, and was
therein opposed by the defendant herein; and it was therein
decided that the rights of the railroad company with ref-
erence to occupation and use of the premises in question
were referable to the term of years under which it had
entered into possession of the same, and were altogether
bounded by the words of the grant of said term. The ap-
pellant herein is therefore in no position to assert the
existence in the railroad company of a paramount right
to the use, occupation, and maintenance of its right of way
over said railroad parcel since its existence would have
sufficed to have defeated his own right of recovery in the
compensation suit.

[5] We also find no merit in the defendant's plea of
the statute of limitations. The right of the plaintiff to
commence and maintain the present action against said de-
fendant arose when there was a *res* to which the remedy
sought therein could be applied in the form of a final judg-
ment in the defendant's favor for compensation against
the railroad company.

We do not deem the other points urged by the appellant
of sufficient merit to require discussion in detail.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on June 9, 1921.

All the Justices concurred.