[Civ. No. 9467.   First Appellate District, Division One.—April 16, 1936.]

EMMA W. GUTLEBEN, Respondent, v. NAT M. CROSS-
LEY, Appellant.

Breed, Burpee & Robinson for Appellant.

A. G. Kazebeer and Carlisle C. Crosby for Respondent.

KNIGHT, J.—Plaintiff, as assignee and successor in interest of Wilhelmine and Ernest Wolkenhauer, brought this action to collect certain moneys claimed to be due as the result of a transaction involving the sale of real estate. The complaint contains four counts. The first two are for the recovery of $7,195 theretofore paid to the defendant Nat M. Crossley by the city of Oakland as an award in an eminent domain proceeding affecting the property involved, and the remaining two are for the recovery of a deficiency of $13,083.20 following a sale under a deed of trust covering said property. The action was tried without a jury and judgment was rendered in plaintiff's favor and against the defendant Nat M. Crossley for the amount sued for under the first two counts, and accrued interest, and against plaintiff under the remaining two counts. From that part of the judgment so entered against him the said Nat M. Crossley prosecutes this appeal. The other parties defendant to the action are in no way affected by the judgment nor interested in the appeal.

The facts, as they appear from the findings, which appellant concedes are supported by the evidence, and from the allegations of the complaint which the trial court found to be true, are as follows: In November, 1926, the city of Oakland instituted eminent domain proceedings to condemn a strip of land for street purposes. The properties affected thereby belonged to plaintiff's assignors, Wilhelmine Wolkenhauer and Ernest Wolkenhauer, the appellant Nat M. Crossley and his wife, Walter E. Crossley and others, all of whom were made parties to the proceeding, and the separate parcels owned by each were specifically described in the complaint. At that time the Wolkenhauer property was encumbered with a deed of trust given to the Oakland Bank as trustee. It was so alleged in the complaint; also that the trustee and beneficiary, who were likewise named in said complaint and made parties to the proceeding, claimed an interest in said property.

Before the Wolkenhauers' time for answering said complaint expired and on August 11, 1927, the appellant Nat M. Crossley entered into a written contract with them to purchase their property for $14,900. The terms called for a down cash payment of $1400 and the execution and delivery of a five-year note for $13,500 secured by a deed of trust on the property. Four days after the execution of the contract and on August 15, 1927, the default of the Wolkenhauers was entered in said condemnation proceedings for failure to answer. Appellant then assigned the sales contract to Walter E. Crossley, and on September 6, 1927, the Wolkenhauers conveyed the property to him. The down cash payment of $1400 was made through a bank, and Walter E. Crossley, as the ostensible purchaser, executed the necessary five-year note for $13,500 and the deed of trust securing the same. In this regard the trial court found that "the said Walter E. Crossley and also the defendant, Nat M. Crossley, stated and represented to the said grantors that the said Walter E. Crossley was the purchaser of said property, whereas in truth and in fact, the said Nat M. Crossley and Blanche M. Crossley, his wife, were the purchasers of said property and were the undisclosed principals, and the said Walter E. Crossley was acting merely as an agent and for the convenience of said Nat M. Crossley and Blanche M. Crossley and without the knowledge or consent of the said Wilhelmine Wolkenhauer and Ernest Wolkenhauer, or either of them." Furthermore, the court found that appellant supplied the money to make the down cash payment, and that although Walter E. Crossley executed said promissory note and trust deed in his own name, he did so for "the use and benefit of and as the act and contract of the defendants, Nat M. Crossley" and his wife, and as their agent.

The trust deed was recorded a few days after its execution; and about two weeks later Walter E. Crossley conveyed the property to appellant, subject to said deed of trust. The deed was not placed on record, however, for more than two years after its execution, which, as will hereinafter appear, was nearly two years subsequent to the entry of the interlocutory decree in the condemnation proceedings.

After appellant had thus obtained title to the property under said unrecorded deed and the Wolkenhauers had allowed their default to be taken in said condemnation pro-

ceeding, appellant on October 27, 1927, filed an amended answer in the condemnation proceeding, alleging that he was the sole owner ''in fee simple absolute'' of the Wolkenhauer property, but he made no mention whatever in said answer nor otherwise in said proceeding of the outstanding deed of trust against the property given to the Wolkenhauers as part payment of the purchase price thereof; and accordingly, as such owner in fee simple absolute, he asked that the entire award be paid to him. Neither of the Wolkenhauers was served with a copy of said amended answer, nor with any notice of application to file the same or that it had been filed. Furthermore, appellant testified as a witness in said proceeding as to his ownership of the property, but he did not reveal the existence of said trust deed. Consequently on March 19, 1928, the court rendered its interlocutory decree in said proceeding, directing that the sum of $7,195, which was the entire amount allowed as compensation for the taking of a portion of the Wolkenhauer property and as severance damages to the remainder of the tract be paid to appellant. A final decree was entered accordingly and thereupon appellant assigned the award to his bank as security for the payment of an obligation due from him to the bank, and the award was paid to the bank.

Following the entry of the final decree appellant defaulted in making payments due on the promissory note and deed of trust given to the Wolkenhauers as part of the purchase price, and the property was sold at trustee's sale. It was bid in by plaintiff and after deducting the expenses of sale there was due a deficiency of $13,083.20. Subsequently the Wolkenhauers assigned and transferred said note and deed of trust, and their right to recover said award of $7,195, to plaintiff, who instituted the present action to recover said award and the amount of the deficiency due on the note and trust deed.

Appellant frankly concedes ''that if the Wolkenhauers had filed an answer [in the condemnation proceeding] setting up the fact that, although they were not the owners of the real property as alleged in the complaint, but were the owners of a first deed of trust thereon, they would have been entitled to an award up to the amount secured by the deed of trust owned by them'' (*Rose* v. *Conlin*, 52 Cal. App. 225 [198 Pac. 653]); but he contends that in the absence

of such an answer the decree in said condemnation proceeding awarding the entire amount of said compensatory damages to him precludes them and their assign now from asserting any claim against him for any portion thereof.

■ Admittedly, however, as before stated, appellant did not serve either of the Wolkenhauers with a copy of the amended answer nor with any notice of application to file the same or that it had been so filed; and it is well settled that where a pleading is amended in matter of substance, as distinguished from mere matter of form, it must be served on all adverse parties affected thereby, including a defaulting party; that the amendment operates to open the default and unless it is so served no binding additional adverse rights may be acquired thereunder. Such is the established rule governing the filing of amended complaints and amended answers setting up cross-complaints (14 Cal. Jur. 889; 21 Cal. Jur. 226; *Linott* v. *Rowland*, 119 Cal. 452 [51 Pac. 687]), and for obvious reasons the same rule applies to the filing of amended answers whereunder for the first time affirmative relief, based on adverse claims, is sought against a codefendant who has previously defaulted. (*Strong* v. *Shatto*, 201 Cal. 555 [258 Pac. 71].)

■ In the present case, at the time the Wolkenhauers defaulted in the condemnation proceeding, the pleadings therein presented no adverse or conflicting claims as to the Wolkenhauers' ownership of the property. Consequently, in that state of the record, they were, as such owners, entitled to receive whatever award of damages was made respecting said property, subject, of course, to the rights of the Oakland Bank as trustee; and it was thereafter that appellant amended his answer setting up his ownership of the property and asserting his exclusive right to said award, but omitting entirely any reference to the outstanding deed of trust then held by the Wolkenhauers. Therefore, under the rules above mentioned, appellant's failure to serve the Wolkenhauers with a copy of the amended answer rendered any judgment based thereon, as between appellant and the Wolkenhauers, ineffectual as to the Wolkenhauers, and left the way open to them to recover from appellant the amount of the award so paid thereunder to him. ■ Nor, under the doctrine declared in *Rose* v. *Conlin, supra*, were the Wolkenhauers, as the holders of the deed of trust on said

property, required, as appellant contends, either to move to set aside their default and reenter the case, or to appeal from the decree entered therein. Manifestly an appeal would have availed nothing; and while, if they had chosen so to do, they could have followed the other course appellant suggests, it is evident that if they had done so they would doubtless have been met, as said in *Rose* v. *Conlin, supra,* with the proposition that the remaining property covered by the trust deed would suffice to pay their debt, and that they should exhaust their remedies thereunder before they could claim the right to any part of the compensation to be awarded in the condemnation proceedings. The excerpt quoted by appellant from the decision in *Anderson* v. *Citizens Savings & Trust Co.,* 185 Cal. 386 [197 Pac. 113], and upon which he mainly relies in support of his position, is not in our opinion applicable here for the reason that it is based upon an entirely different state of facts.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1936.