**In re Gary Michael SAPP & Sara Francis Sapp, Debtors.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Jack E. BROWN, Trustee, Gary Michael Sapp, Sara Francis Sapp, a/k/a d/b/a Tarleton Development Corp., Inc., Defendants.**

**Bankruptcy No. 87–01364–C.
Adv. No. 88–0719–C.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

April 4, 1989.

Gay L. Tedder, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

Christy Barton, Jefferson City, Mo., for Trustee.

Jack E. Brown, Trustee, Columbia, Mo.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

### BACKGROUND

This matter regards the Plaintiff's Complaint For Reclamation in which plaintiff seeks to reclaim from the Trustee of the debtors' Chapter 7 estate the proceeds Trustee received as an award in condemnation of a portion of a parcel of real property for which Plaintiff holds a deed of trust securing a note. The facts of this case as stipulated are as follows:

In August of 1980, Century State Bank of Columbia, Missouri ("Century Bank"), the predecessor in interest to Plaintiff, the United States of America acting on behalf of the Small Business Administration ("SBA") in this action, took a note from Tarleton Development Corporation ("Tarleton"), which note was secured by a deed of trust on a particular parcel of land (hereinafter referred to as the "Parcel"). The note and deed of trust included a clause providing for the assignment to the Century Bank of any condemnation awards received by Tarleton from the exercise of eminent domain on any portion of the Parcel. The note together with the deed of trust were duly filed and recorded in September 1980 with the Office of the Register of Deeds of Boone County, Missouri, the county in which the Parcel is situated. In December 1980, the City of Columbia, Missouri, commenced condemnation proceeds upon a portion of the Parcel. At the time that the condemnation proceedings were commenced, Tarleton was not in default on its note to Century Bank.

Century Bank was served in November 1981 with notice of the Fourth Amended Petition in the condemnation of the portion of the Parcel. Century Bank was also given notice of the payment of the condemnation award which was dated March 3, 1983, which included a motion to apportion damages filed on March 9, 1983. In April 1985, Tarleton defaulted on its note to Century Bank. On March 30, 1987, Debtors Gary and Sara Sapp, aka/dba Tarleton Development Corp., Inc. filed a Petition for Relief under Chapter 7 of the Bankruptcy Code, Case No. 87–01364–C, and the SBA received notice of the same. At some point prior to this, Tarleton's corporate charter had lapsed and the Debtors as the directors and shareholders of Tarleton became its statutory trustees. A discharge of Debtors was entered in August 1987 and the creditors were advised, pursuant to Bankruptcy Rule 2002(e), that insufficient assets existed to pay a dividend. Jack E. Brown, Trustee of debtors' Chapter 7 estate moved on September 15, 1987, to be substituted for the debtors as the statutory trustee of Tarleton which motion was granted, but about which action neither Plaintiff nor its predecessor in interest received notice. A condemnation award of $7,500.00 was thereafter paid to the Trustee according to the Court Order and the Clerk, pursuant to Bankruptcy Rule 3002(c)(5) notified all creditors of this fact and that they may file proofs of claim within ninety (90) days after the mailing of the notice. The bar date for claims came and passed and neither Plaintiff nor its predecessor, Century Bank, had filed a claim. When Plaintiff's claim was filed it was disallowed on the grounds of an untimely filing. In its Complaint, Plaintiff contends that it is entitled to recover the $7,500.00 distributed by the

Missouri Court of Appeals to Trustee of Debtors' Chapter 7 estate.

## DISCUSSION

■ The first issue is whether Plaintiff has a secured interest. Under Missouri law if condemned property was mortgaged at the time of condemnation or if there was a deed of trust on the property and the interest was recorded, the holder of the deed of trust or mortgage is an "owner" of the property within the meaning of Mo. Const. Art I, § 26, *Morgan v. Willman*, 318 Mo. 151, 1 S.W.2d 193, 195 (1927). If the mortgagee or deed of trust holder of a duly recorded deed of trust is not settled within the condemnation proceeding, the mortgagee loses his lien on the part of the property taken, but the award stands in the place of the land taken and it is held to operate as an equitable lien thereon. *Cassville School Dist. v. McArtor*, 286 S.W. 729, 731 (Mo.App.1926), *Kansas City v. Kansas City Elevated Ry. Co.*, 110 Mo. App. 647, 85 S.W. 681, 682 (1905). An equitable lien is a right to have a fund or specific property applied in whole or in part to payment of a particular debt or obligation; it is a charge or security on the property. *Jamison Coal & Coke v. Goltra*, 143 F.2d 889, 893 (8th Cir.1944), *Tobin v. Ins. Agency Co.*, 80 F.2d 241 (8th Cir. 1935). Trustee argues that pursuant to § 523.053(2), (3), R.S. Mo. (1986), the apportionment order entered in 1983, awarding the proceeds to Tarleton Development Corp. became a final judgment and determination of the rights of all parties to that case. Subparagraph (3) of V.A.M.S. § 523.053 states: "The respective interests of all parties in the award made as a result of the condemnation action, whether determined by said agreement or by the Court shall be final and said interests established shall be binding on all parties ..." *Id.* Trustee argues that since the complainant's predecessor in interest, Century State Bank, was party to the condemnation action, this matter is res judicata. Whether V.A.M.S. § 523.053 supercedes the equitable doctrine stated in *Cassville School Dist.*, and *Kansas City* need not be decided here. The note and deed of trust contained a clause providing for assignment of all awards of damages in any condemnation to Century Bank in participation with S.B.A.

An assignment of an entire claim operates as a complete divestiture of all rights from the assignor and vests those same rights in the assignee. *Cantor v. Union Mut. Life Ins. Co.*, 547 S.W.2d 220 (Mo. App.1977), *Holt v. Myers*, 494 S.W.2d 430 (Mo.App.1973). This assignment was entered into by the predecessors in interest of both parties and is binding on both. *City Bank and Trust Co. of Moberly v. Thomas*, 735 S.W.2d 121 (Mo.App.1987). It appears that even if Plaintiff and its predecessor were slow to assert rights in the condemnation action their right to the award is secured by prior agreement and this may be the reason that Plaintiff did not assert its position earlier.

■ The second issue regards the disposition of the SBA's claim. The general rule is that in a Chapter 7 or 13 case, Rule 3002(a) does not require filing of a proof of claim by a creditor asserting a secured claim. *In re Atoka Agr. Sys. Inc.*, 10 C.B.C.2d 787, 39 B.R. 474 (Bkrtcy.E.D.Va. 1984), Collier on Bankruptcy 3002.03[2] (15th ed.), *Matter of Tarnow*, 749 F.2d 464, 466 (7th Cir.1984), *cf. In re Wise*, 41 B.R. 51 (Bkrtcy.W.D.La.1984) (untimely filing was sufficient justification for disallowance of claim). *Atoka*, is a case with very similar facts to the present case. In it the FmHA was granted a security interest (which financing statement was properly filed) in all crops, certain farm equipment, animals, livestock, and products or proceeds thereof of the debtor. *Atoka*, 39 B.R. 474, 10 C.B.C.2d at 788. Debtor filed its petition under Chapter 7 and the first meeting of creditors was held. Pursuant to notice which stated that the property would be sold free and clear of any liens (all valid liens and encumbrances attaching to the sale proceeds) certain assets subject to FmHA's lien were sold at auction. *Id.* Proceeds from the sale were placed in an escrow account pending disbursement. *Id.* FmHA, however, did not file a proof of claim in the proceeding. *Id.* The trustee in that case argued that because of its

failure to file a proof of claim, FmHA's claim could not be allowed and that because its lien secured a claim that was not an allowed secured claim, FmHA's lien was void as well. *Id.* The bankruptcy court found that any lien not based upon a disallowed claim survives the bankruptcy case. *Id.* 39 B.R. 474, 10 C.B.C.2d at 789.

11 U.S.C. § 506(d) states: "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such a lien is void, unless such claim was disallowed only under § 502(b)(5) or § 502(e) of this title or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under § 502 of this title". *Id.* 11 U.S.C. § 552 states:

"(a) Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case.

(b) Except as provided in sections 363, 506(c), 522, 544, 545, 547, 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and provided by applicable nonbankruptcy law, except to any extent that the court after notice and a hearing and based on the equities of the case, orders otherwise".

This statutory scheme was intended to allow a bankruptcy filing to sever prepetition security interests with one important exception, security interests in property acquired prior to filing extend to proceeds of such property acquired by the estate after filing. *Matter of Mattice,* 81 B.R. 504, 507 (Bkrtcy. S.D. Iowa 1987), *Matter of Tarnow,* 749 F.2d 464, 467 (7th Cir.1984).

The allowability of a claim is governed by 11 U.S.C. § 502. Under § 502(a), a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party interest ... objects". Section 502(b) requires that, with certain exceptions that do not appear to apply in this case, if "objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim ... and shall allow such claim in such amount except as provided in § 502(b)(1)(B)".

## RULING

Although the Court cannot condone the lack of diligence on the part of the Century State Bank and the Small Business Administration, both before and after the bankruptcy, and although the Court applauds the vigor of the Trustee in persevering and prosecuting the condemnation matter, the race does not always go to the swift and virtue must be its own reward in this case. The funds from the condemnation award must, by law, go to the Small Business Administration as the secured creditor in this proceeding. Their lien was not eliminated by any of the events enumerated above, at least insofar as the bankruptcy proceeding is concerned. However, the Trustee by his efforts certainly preserved, enhanced and otherwise increased the benefits to the secured party and he is, therefore, entitled to his statutory commission together with his expenses in obtaining and procuring payment of this award. The Trustee shall turn said funds over to the United States of · America for the Small Business Administration after deduction of his commission and expenses.

SO ORDERED.

The foregoing Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.