[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
This is an application for prejudgment remedy brought by the plaintiff to replevy from the defendants a skier rack system in the possession of the defendants.
The plaintiff alleges that on November 13, 1989, the defendants entered into a retail installment purchase CT Page 10191 agreement with the plaintiff for the purchase of a skier rack system, the defendants failed to pay the installments due the plaintiff under the purchase agreement, as of March 9, 1993, the defendants owed to the plaintiff the sum of $755.99 and the plaintiff has the right to immediate possession of the system which is wrongfully detained by the defendants.
Defendant Emily F. Haynie signed the retail installment purchase agreement with the plaintiff in which she granted to the plaintiff "a security interest or lien" in the system until paid in full.
On October 8, 1991, the defendants filed a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701
et seq. In Schedule F of their petition the defendants listed the plaintiff as an unsecured creditor with a non-priority claim. The plaintiff did not file a proof of claim, did not object to being listed as an unsecured creditor and did not object to the discharge of its claim. Discharge of the defendants' debts was ordered on February 7, 1992, by the Bankruptcy Court.
On July 21, 1993, the plaintiff filed this application for prejudgment remedy seeking to replevy the system. The defendants claim that the plaintiff's failure to object as to the dischargeability of its debt constitutes a waiver of its right to file a replevin action.
"`Prejudgment remedy' means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment, or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of his property prior to final judgment. . ." General Statutes 52-278a(d). When ruling on an application for prejudgment remedy, the court must determine whether there is "probable cause that judgment will be rendered in the matter in favor of the plaintiff." General Statutes 52-278c(a)(2). "[P]robable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Wall v. Toomey, 52 Conn. 35, 36 (1884). This is a flexible, common sense standard which requires the court to determine probable success by weighing probabilities. New England Land Co. v. DeMarkey, 213 Conn. 612, 620 (1990). CT Page 10192
Defendant Emily F. Haynie signed a charge slip which created a valid purchase money security interest in the skier rack system. See In re Hardage, 99 B.R. 738, 742 (Bkrtcy. N.D. Tex. 1989) (sales slips specifically stating that the seller retains a security interest in the merchandise purchased until fully paid constituted valid security agreement perfecting seller's security interest in consumer goods sold on credit). Additionally, a secured creditor need not respond to the listing of a secured claim as being unsecured on the debtor's schedules. In re McNeil, 128 B.R. 603,607 (Bkrtcy. E.D. Pa. 1991).
The plaintiff argues that it holds a valid purchase money security interest in the skier rack system and that this secured claim survives the bankruptcy discharge. The defendants appear to misconstrue the plaintiff's argument when they state that the plaintiff's position is that the defendants are not entitled to discharge of the debt in question. The plaintiff does not argue that the debt was not discharged, but rather that the plaintiff is free to pursue an in rem action against the property which secured the debt.
The policy underlying Chapter 7 of the Bankruptcy Code is to implement a "fresh start" for a debtor. Id., 607. The Bankruptcy Code, 11 U.S.C. § 524 (a)(2), provides that a discharge:
 operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived; . . .
Encumbrances on a debtor's property have been distinguished from, personal liabilities of the debtor with regard to dischargeability in bankruptcy because effectuation of the policy underlying bankruptcy does not require that the former be extinguished. See Estate of Lellock v. Prudential Ins. Co. of America, 811 F.2d 186, 189 (3d Cir. 1987) (permitting a secured creditor's valid pre-petition lien to be discharged would be "clearly repugnant to bankruptcy policy"). In In re Weathers, 15 B.R. 945, 951 (Bkrtcy. D. Kan. 1981), the court noted that if valid liens on property were extinguished along CT Page 10193 with personal debts and liabilities, this would effect more of a "head start" than a "fresh start," and such a policy could have the detrimental effect of unreasonably encouraging homeowners and other property owners to file bankruptcy petitions.
"The legislative history to the Bankruptcy Reform Act of 1978 clearly indicates that valid liens pass through bankruptcy intact and that the holder of a secured claim may stand back and take no part in the bankruptcy case. Matter of Pierce, 29 B.R. 612, 613 (Bkrtcy. E.D. N.C. 1983). "If valid liens may pass through bankruptcy unaffected and if the secured creditor may remain aloof from the bankruptcy . . . the prohibition in 11 U.S.C. 52-524 (a)(2) against proceeding against `property of the debtor' must refer only to property of the debtor not subject to pre-bankruptcy liens." Id. 614 (emphasis in original). Accordingly, the discharge injunction of 524(a) does not prevent a secured creditor from enforcing a valid pre-petition lien which was not avoided during bankruptcy. See, e.g., In re Walls, 125 B.R. 908, 910
(Bkrtcy. D. Del 1991) (post-discharge attempt to enforce pre-bankruptcy judgment lien does not violate 524).
Thus, the creditor is generally free to pursue its in rem remedies under state law subject to the provisions of11 U.S.C. § 362. In re Bouchelle, 98 B.R. 81, 83 (Bkrtcy. M.D. Fla. 1989). One of the rights afforded a secured creditor under Connecticut law is the right to retake possession of its collateral upon default. General Statutes 42a-9-503. "The action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property with a right to their immediate possession, and which are wrongfully detained from him in any manner. . . ." General Motors Acceptance Corporation v. Powers, 137 Conn. 145,151 (1950) (internal quotation marks omitted).
In the present case, the plaintiff does not seek enforcement of the debt as a personal liability against the defendants, but rather seeks possession of property subject to a valid pre-bankruptcy lien. Therefore, the plaintiff's request in the present case does not violate the discharge injunction of 524(a).
The defendants argue that the plaintiff's failure to file a proof of claim waives any right that it has to file a CT Page 10194 replevin action in the Superior Court. The general rule is that in a Chapter 7 case a creditor asserting a secured claim is not required to file a proof of claim. See, e.g., In re Sapp, 98 B.R. 481, 483 (Bkrtcy. W.D. Mo. 1989).
For the reasons stated above, the plaintiff's application for prejudgment is granted.
Hendel, J.