[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 3, 1997
On March 5, 1996, the plaintiff, Churchill Mortgage Investment Corporation (the plaintiff), filed a complaint seeking to foreclose on the defendant Lucille Pacific's (the defendant) leasehold interest in a parcel of land situated at 123 Beach CT Page 6336 Drive, Stratford, Connecticut, based on the defendant's failure to honor a note for $150,000.00 executed by her in favor of the plaintiff and secured by the leasehold interest in the aforementioned property. On July 19, 1996, the defendant filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code. (Plaintiff's Brief: ¶ 1). The defendant listed the debt to the plaintiff on Schedule F of the filing as an Unsecured Non-Priority Claim. (Plaintiff's Brief: ¶ 3). On November 5, 1996, the defendant was discharged by the United States Bankruptcy Court, District of Connecticut. (Plaintiff's Brief: ¶ 6). A letter from Bernadine A. Gordon, Clerk for the United States Bankruptcy Court, enjoined "[a]ll creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 . . . from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above named debtor . . . ."
On January 6, 1997, the plaintiff moved the court to enter a judgment of strict foreclosure against the defendant. On January 13, 1997, the defendants filed an objection to the plaintiff's motion for strict foreclosure, which is now before the court.[1] On February 4, 1997, the plaintiff filed a memorandum of law in opposition to the defendant's objection.
The defendant claims that the plaintiff's failure to object to her scheduling of the debt as an unsecured claim on her Chapter 7 bankruptcy petition renders the plaintiff's leasehold interest unsecured and discharged in bankruptcy. "Encumbrances on a debtor's property have been distinguished from, personal liabilities of the debtor with regard to dischargeability in bankruptcy because effectuation of the policy underlying bankruptcy does not require that the former be extinguished.
Sears, Roebuck and Company v. Haynie, Superior Court, judicial district of New London at Norwich, Docket No. 103638, 10 CONN. L. RPTR. 410 (November 24, 1993) (Hendel, J.). A discharge in bankruptcy "`extinguishes only the personal liability of the debtor.' [(Citations omitted; emphasis in original.)] Johnson v. Home State Bank, 501 U.S. 78, [111 S.Ct. 2150,] 115 L.Ed.2d 66, 74 (1991)." (Internal quotation marks omitted.) Tyrteos v. Raymond, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 907336, 7 CONN. L. RPTR. 138 (July 31, 1992) (Rush, J.).
"The majority of courts . . . hold that the bankruptcy code and its legislative history plainly established . . . that valid CT Page 6337 liens[2] that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt. Estate of Lellockv. Prudential Insurance Co. of America, 811 F.2d 186, 189 (3rd Cir. 1987)." Id. "The discharge in bankruptcy does not extinguish the underlying debt but `only prevents debtors from being personally liable for the discharged debt and forecloses collection of any deficiency judgment, thereby limiting the claimant to enforce its collection efforts in in rem actions against the property subject to a valid pre-bankruptcy lien guaranteeing payment of the debt.' Matter of Moscoso Villaronga,111 B.R. 13, 18 (Bkrtcy. D.Puerto Rico, 1989)." Id. See also,FGB Realty Advisors, Inc. v. Owen, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 298809 (August 1, 1995) (Tobin, J.), aff'd, 43 Conn. App. 907, 683 A.2d 422 (1996) holding that "[b]ankruptcy law does not prevent the holder of a valid, unavoided [pre-petition] lien from enforcing that lien.");Estate of Lellock v. Prudential Ins. Co. of America, supra, 811 F.2d 189 (permitting a secured creditor's valid pre-petition lien to be discharged would be "clearly repugnant to bankruptcy policy."). Furthermore, "`[t]he legislative history to the Bankruptcy Reform Act of 1978 clearly indicates that valid liens pass through bankruptcy intact and that the holder of a secured claim may stand back and take no part in the bankruptcy case.'Matter of Pierce, 29 B.R. 612, 613 (Bkrtcy. E.D.N.C. 1983)."Sears Roebuck and Company v. Haynie, supra. "The general rule is that in a Chapter 7 case a creditor asserting a secured claim is not required to file a proof of claim. See, e.g., In re Sapp,98 B.R. 481, 483 (Bkrtcy. W.D.Mo. 1989)." Id. "In In re Weathers,15 B.R. 945, 951 (Bkrtcy. D.Kan. 1981), the court noted that if valid liens on property were extinguished along with personal debts and liabilities, this would effect more of a `head start' than a `fresh start,' and such a policy could have the detrimental effect of unreasonably encouraging homeowners and other property owners to file bankruptcy petitions." Id.
"Pursuant to § 506 of the Bankruptcy Code, an allowed claim of a creditor secured by a lien on property in which the bankrupt's estate has an interest is a secured claim to the value of such creditor's interest in the estate's interest in the property. Any claim beyond the amount of the lien is unsecured."Lyon Billard v. Mita, Superior Court, judicial district of New Haven at New Haven, Docket No. 317569 (June 27, 1995) (Hodgson, J.). In the present case, the defendant has not disputed that the plaintiff's claim was an allowed claim in the bankruptcy proceeding and she has not claimed that the liened property is CT Page 6338 exempt. Nor has the defendant claimed that she sought to avoid the plaintiff's lien or have the lien disallowed. Consequently, bankruptcy law does not prevent the plaintiff from enforcing his valid, unavoided pre-petition lien. Since the defendant has failed to establish her defense that discharge in bankruptcy would bar the plaintiff from proceeding in rem against the defendant's attached property, her objection to the plaintiff's motion for strict foreclosure is overruled.
WEST, J.