## GALE & ELLIOTT *v.* THE TUOLUMNE WATER CO.

THE union, in one count of a complaint of an allegation, that defendants "have wrongfully built dams and flumes across said Mormon Creek - - - - so as to turn the water of said creek out of its natural channel," etc. and thus divert it from plaintiff, with an allegation that defendants "have constructed gates, etc. in their said dams and flumes, which they - - - - hoist for the purpose of clearing out said dams and flumes of slum, stone, and gravel," the accumulation of which renders the water useless to plaintiff, does not make the complaint demurrable, on the ground that it unites several distinct causes of action in one count.

The gravamen of the action is the diversion of the water, and the fact that the diversion is accomplished by different means, is not important enough to require several counts.

Demurrer sustained, and plaintiff amends by making two counts instead of one. He cannot, after trial, complain of error in sustaining the demurrer.

To test the ruling on the demurrer he should have gone to trial on the pleadings, where the judgment on demurrer left them.

The amendment of the complaint, putting the substantial matters contained therein into two counts, not being answered by defendants, and no default taken therefor, the plaintiff cannot go to trial without objecting to the answer to the original complaint, and, after verdict against him, object to the want of an answer to the amended complaint.

APPEAL from the Fifth District.

The complaint, after stating that plaintiffs own a ditch constructed for the purpose of conveying water from Mormon Creek to Jackson Flat, etc. avers, that " defendants have wrongfully built and constructed dams and flumes, and other obstructions, across said Mormon Creek and its tributaries, so as to turn the water of said creek and its tributaries off from, and out of, the natural channels thereof, to which said plaintiffs were of

right entitled, thereby wrongfully converting the same to their own use. Said plaintiffs further aver that said defendants have constructed gates, etc. in their said dams and flumes, which they frequently hoist for the purpose of clearing out said dams and flumes of slum, stone, and gravel, etc. which are constantly accumulating therein. That, by means of said dams, flumes, gates, etc. as aforesaid, the said defendants wrongfully prevent the water from flowing freely down said Mormon Creek and its tributaries until they have accumulated a vast amount of slum, stone, gravel, and other matter, when they hoist their said gates and let the same flow down said creek in large quantities and in a condition utterly useless for any purpose whatever, and filling said plaintiffs' ditch with the slum, stone, gravel, and other matter, which on those occasions flow from said defendants' works as aforesaid, rendering it nearly useless and worthless to said plaintiffs; all of which acts and doings on the part of said defendants are wrongful, and in violation of said plaintiffs' right, and to their damage five thousand dollars."

Defendant demurred " to the second count of said complaint," that it joined an action for " damages for wrongfully preventing water from flowing down the creek, with a claim," for " damages for filling plaintiffs' ditch with slum," etc.

The original complaint was filed and served February 3d. On the 13th February the demurrer was filed. March 2d, answer. March 3d, demurrer sustained. March 3d, amended complaint filed, to which there was no answer.

Defendant had verdict and judgment. Plaintiffs appeal.

*L. Quint,* for Appellants.

I.   There was no misjoinder of actions. The two causes of action are: 1st. The diversion of the water; and, 2d. The filling plaintiffs' ditch with slum, stones, and gravel. The manner of committing the injury, charged in the second count, was necessary to be stated. (*Hoffman et als.* v. *Tuolumne Canal Co.* 10 Cal. 413.)

II.   If the demurrer was properly sustained, then there is no answer to the amended complaint, and the plaintiffs are entitled to judgment, even after verdict. There was no issue on this complaint. (Practice Act, Sec. 43; 6 How. Pr. 397; 9 Id. 262; 6 Cow. 225; 5 Sandf. 210.)

III. The amendment of the complaint did not operate as a waiver of the demurrer, because Appellants' counsel excepted to the order sustaining it, and, so far from electing to amend his complaint, he was compelled so to do or leave the main cause of complaint untried. (*Deidesheimer* v. *Brown*, 8 Cal. 339.)

*H. P. Barber*, for Respondent.

1. The second count of the complaint contains, united, two causes of action, to wit : Wrongful diversion of water, and filling plaintiffs' ditch with slum, by flowing large bodies of water down the creek. It was, therefore, demurrable. (Pr. Act, Sec. 64, Subdiv. 7; Id. Sec. 40, Subdiv. 5; *Dieke* v. *Saratoga R. R.* 2 Code, 145; *Pike* v. *Van Warner*, 5 How. Pr. 172.)

2. The election to amend the complaint and going to trial, waive any error in sustaining the demurrer.

3. Going to trial on both counts, with an answer in as to one only, and no judgment by default as to the unanswered count, is at common law a discontinuance as to that count. (8 Petersd. Abr. 273; 2 Mod. 259; 7 Id. 124; 11 Id. 36; 2 Lord Raymond, 1131; 3 Salk, 131; *Tucker* v. *Zollicoffer*, 12 Sme. & M. 591; 1 Morris, 354; 2 Serg. & R. 261; *Darter* v. *State*, 5 Blackf. 61; *Baker* v. *Washington*, 5 Stew. & Port. 142; *Brazzle* v. *Visher*, Breese, 14; 12 Johns. 353; *Sauerman* v. *Westerly*, 17 Serg. & R. 117.) The case was tried on the merits, and no substantial right has been affected by the irregularity complained of. (Pr. Act, Sec. 71; *Henry* v. *Saline Bank*, 1 Cow. 87.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This case was brought for the recovery of damages for diverting water to which the plaintiffs assert they were entitled, and also for preventing the plaintiffs—prior locators entitled to the water—from getting it.

The complaint is not very artificially drawn, but we are inclined to think, under the liberal views we have taken of the pleadings in these cases, that it was not properly demurrable for duplicity, or the joining of several distinct causes of action in one count. The gravamen of the plaintiffs' action seems to be the diversion, by the defendants, of water to which the plaintiffs

were entitled; and the fact that the diversion was accomplished by turning the water out of its legitimate channel by one means or another, is not important enough to require several counts disclosing the different modes of diversion. But the defendants demurred, on the ground that these matters were several and distinct causes of action; and the Court sustained the demurrer. The plaintiffs then, by leave, amended their complaint, making two counts of the matter contained in their original complaint instead of one.

They now complain of the error of the Court in sustaining the demurrer. But this they cannot do. They chose to amend. They went to trial on the pleadings thus amended. If they desired to test the question as to the correctness of the judgment sustaining the demurrer, they should have left the pleadings where the judgment left them. They could not take all the advantage of the pleadings as they made them, and also the advantages of the rulings of the Court before their amendment. The authorities cited by the Respondent, as well as the reason of the rule, are conclusive upon this subject. They really got all the advantage from the pleadings on the trial, which they could have got from them if the demurrer had been overruled.

The plaintiffs filed an amended complaint, setting out in different counts the substantial matters contained in their original complaint. It seems that no answer was made by the defendants to this pleading—there was an answer to the original complaint—nor was any default taken for the failure of defendants to answer: but the parties went to trial, as if on issue joined by the pleadings.

It is now assigned for error that this judgment was wrong. If the plaintiffs failed to ask a judgment by default for the failure to answer, and, further, chose to go to trial as if there had been a regular issue, (as there was by the answer to the complaint,) taking no objection to the answer—though this answer presented issuable matter—nor to the failure to answer the amended plaint—we think they are precluded from objecting, after they tried the experiment of holding the defendants on these pleadings and failed. They took the chances, and if they had succeeded, the defendants could not have objected to the result, and when they fail, they must abide the judgment. At

all events, we cannot hear such an objection for the first time here.

We see no force in the other points made.

Judgment affirmed.