[L. A. No. 357. Department One.—December 29, 1897.]

LOUIS LINOTT, Respondent, v. S. P. ROWLAND et al., Defendants. THOMAS ROWLAND, Appellant.

JUDGMENT BY DEFAULT—SERVICE OF SUMMONS—INSUFFICIENT AFFIDAVIT—APPEAL.—An affidavit of the service of summons which fails to show any service thereof upon an appealing defendant, and upon which no charge of perjury could be sustained, no other proof of service appearing in the record, is insufficient to authorize the clerk to enter a judgment by default against him, or to sustain such judgment upon a direct appeal therefrom.

ID.—AMENDMENT OF COMPLAINT AFTER DEFAULT—VACATION OF DEFAULT—OMISSION OF SERVICE—SUPPORT OF JUDGMENT.—The filing of an amended complaint supersedes the original; and where the complaint is amended in matter of substance after the default of a defendant has been entered, it has the effect to vacate the default; and, if such amended complaint is not served upon the defaulting defendant, there is no pleading upon which a judgment against him can be sustained.

ID.—ORDER REFUSING TO QUASH EXECUTION—APPEAL—INSUFFICIENT RECORD—DISMISSAL.—An appeal from an order refusing to quash an execution issued upon a judgment by default will be dismissed, where the record contains no bill of exceptions relating to the order, and no stipulation from which it can be determined upon what papers the motion was heard.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing to quash an execution. W. H. Clark, Judge.

The facts are stated in the opinion of the court.

Reymert & Orfila, for Appellant.

Clarence A. Miller, for Respondent.

HARRISON, J.—The complaint herein is upon a promissory note purporting to have been made by four persons who are named as defendants in the action. Judgment by default was rendered against three of the defendants, from which one of them—Thomas Rowland—has appealed.

The affidavit of service of the summons and complaint upon the appellant is as follows:

"[Title of Court and Cause.]

"G. L. Wilson, being duly sworn, deposes and says: 'I am, and was at the time of service of summons hereinafter mentioned, a white male citizen of the United States, over twenty-one years of age, and competent to be a witness on the trial of this action; that on the twenty-first day of December, 1895, at the county of Los Angeles, state of California, by delivering to, and leaving with said defendants, and to each of them a copy of said summons, a copy of the complaint filed in this action, certified by the clerk of said court.'

"G. S. FLEMING, Constable.

"By G. L. Wilson, Deputy Constable."

Properly verified December 23, 1895.

As this affidavit fails to show any service upon the appellant, and is the only proof of service in the record, it is insufficient to sustain a judgment upon a direct appeal therefrom. (*McMillan v. Reynolds*, 11 Cal. 372; *Schloss v. White*, 16 Cal. 66; *McKinlay v. Tuttle*, 42 Cal. 577; *People v. Bernal*, 43 Cal. 385.) Upon this proof of service the clerk had no authority to enter the default of the appellant, and the judgment against him upon such default is erroneous. (*Reinhart v. Lugo*, 86 Cal. 395; 21 Am. St. Rep. 52.) The affidavit of service does not show that any copy of the summons or complaint was delivered to the appellant by Fleming, and a charge of perjury against him for making the affidavit would not be sustained by proof that such delivery was never made.

After the clerk had entered the default of the appellant the plaintiff filed an amended complaint, amended in matter of substance, but served the same upon only one of the defendants, and made no service thereof upon the appellant. The defendant upon whom it was served demurred thereto, and, his demurrer having been sustained, judgment was thereafter entered in his

favor.   The amended complaint was filed February 10, 1896, and the judgment against the appellant was entered February 21, 1896.

The amended complaint superseded the original, and thereafter the original complaint dropped out of the case and ceased to have any effect as a pleading or as the basis of a judgment, and had the effect to vacate the default of the appellant previously entered.   (*Barber v. Reynolds,* 33 Cal. 497; *Schneider v. Brown,* 85 Cal. 205; *Collins v. Scott,* 100 Cal. 446.)   An amended complaint must be served on all the adverse parties who are to be bound by the judgment, whether it materially affects them or not (*Elder v. Spinks,* 53 Cal. 293), and, as the amended complaint herein was not served upon the appellant, there was no pleading upon which the judgment against him can be sustained.

The appellant has also appealed from an order refusing to quash an execution issued upon the judgment, but the record contains no bill of exceptions relating to the order and no stipulation from which it can be determined upon what papers the motion was heard.

The order appealed from is dismissed and the judgment is reversed.

Garoutte, J., and Van Fleet, J., concurred.