ANDREW J. SHEEHY, Appellant, v. THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO et al., Defendants; RT. REV. P. J. QUINN, Respondent.

538

E. C. Mahoney for Appellant.

Garret W. McEnerney and Henry J. O'Connor for Respondent.

JONES (B. C.), J. pro tem.—This is an appeal by the plaintiff from a judgment in an action to recover damages for the death of his minor son. The basis of the action is an injury claimed to have been inflicted upon the child by other students while at play upon the grounds of St. James School. It is alleged that at the time of the injury the St. James School was in charge of the Dominican Order of Sisters under an arrangement with the Rt. Rev. P. J. Quinn, pastor of St. James Church, and that the school and church operated under the direction of the Roman Catholic Archbishop of San Francisco. When the case was called for trial the appellant dismissed the action as to all of the defendants except the Rt. Rev. P. J. Quinn, the respondent herein. He then de-

clined to offer any evidence in support of his amended complaint and judgment went for the defendant. The plaintiff places his reliance entirely upon a default of the defendant entered upon the original complaint.

The action was commenced on November 13, 1935, and on November 15th the complaint and summons were served on the respondent. He failed to appear and on December 11, 1935, his default was entered. The Roman Catholic Archbishop of San Francisco, a corporation sole, one of the other defendants, appeared and entered a general demurrer to the complaint and noticed a motion to strike certain portions thereof. On January 2, 1936, this general demurrer was sustained with leave to amend, and the motion to strike granted. The plaintiff filed an amended complaint on January 9, 1936. This amended complaint was not served on the respondent until October 25, 1937, and was answered by him on December 2, 1937. The trial resulting in the judgment appealed from was had on December 27, 1939, approximately two years after answer to the amended complaint.

After the amended complaint was filed on January 9, 1936, and before it was served on the respondent on October 25, 1937, and on the 11th day of September, 1936, the default of the respondent was again entered for his failure to answer the original complaint. At this time the plaintiff also asked the court to enter judgment against the defendant on the second default. This request for judgment was submitted by the court, and later an order, ex parte, was made setting aside the default and also the order of submission. This order was made on October 15, 1936. When the case was called for trial the plaintiff moved that this order be set aside. This motion was denied, the order of denial being incorporated into and made a part of the judgment appealed from.

The position taken by the appellant is that the filing of the amended complaint did not open the default of the respondent entered upon the original complaint. He urges that the complaint was not amended in substance but in form only, and that it did not affect the default. It is the general rule, and one which is too well settled to be longer open to question, that when a complaint is amended in substance as distinguished from a mere matter of form it operates to open a default and must be served on all adverse parties affected, including the defaulting party. (*Gutleben* v. *Crossley*, 13 Cal. App. (2d) 249 [56 Pac. (2d) 954]; *Linott* v. *Rowland*,

119 Cal. 452 [51 Pac. 687].) As stated in *Cole* v. *Roebling Construction Co.*, 156 Cal. 443 [105 Pac. 255], "The reason for this rule is plain. A defendant is entitled to opportunity to be heard upon the allegations of the complaint on which judgment is sought against him. His default on the original complaint is limited in its effect to that complaint, and if by amendment a matter of substance is added he should be given the opportunity to contest the same before any judgment is given against him on account thereof."

In the instant case the plaintiff, in paragraph IV of his original complaint, set up certain conversations and complaints of the deceased boy with the defendants concerning the roughness of his playmates. In the amended pleading in lieu of these hearsay allegations he has alleged that he, the plaintiff, "advised defendants that the students at the aforesaid school indulged in very rough pursuits in the playgrounds thereof and that the older students very often inflicted injuries upon the younger students." In other respects the original and amended complaints are almost identical. While neither the demurrer, the motion to strike, nor the orders disposing of the same, directed to the original complaint, are included in the record on appeal, counsel for both the appellant and the respondent have proceeded in their briefs upon the theory that both the motion to strike and the general demurrer were directed to the hearsay allegations of paragraph IV, and that they were respectively granted and sustained. It is this change which plaintiff insists is not an amendment in a matter of substance but in form only.

It was upon leave being granted to amend after the general demurrer to his complaint had been sustained that plaintiff filed his amended pleading. He made an election not to stand upon the allegations of his complaint as originally presented but availed himself of the opportunity granted to bind the defendant under a new complaint. The courts have declared on many occasions that when a party does not leave his pleading where the order sustaining the demurrer has left it, he waives any error on the part of the trial court in sustaining the demurrer. (*Gale* v. *Tuolumne Water Co.*, 14 Cal. 25; *Madden* v. *Occidental etc. S. S. Co.*, 86 Cal. 445 [25 Pac. 5]; *Ganceart* v. *Henry*, 98 Cal. 281 [33 Pac. 92]; *Brittan* v. *Oakland Bank of Savings*, 112 Cal. 1 [44 Pac. 339].) When he amended his complaint after the general demurrer was sustained he in effect admitted that the demurrer was good

and that his complaint was insufficient to state a cause of action. As is stated in *Home Real Estate Co.* v. *Winnants*, 39 Cal. App. 643 [179 Pac. 534], " 'But, when he takes leave to amend, he virtually asserts that he has not set up his whole case in his petition; and, although the judgment is that his petition does not show a cause of action, yet the leave to amend takes from the judgment that quality of finality which is necessary to make it an estoppel, and thus "sets the matter at large" ' ". Where, as here, a particular portion of a complaint is questioned upon a general demurrer and the demurrer is sustained, the plaintiff, if he abandons his original pleading and files an amendment correcting the questioned allegation, no longer is in a position to say that the original pleading was good as against the judgment sustaining the demurrer and that the court erred in its ruling. Upon the order sustaining the demurrer being made, the pleader has two avenues open to him. He may test the sufficiency of his pleading upon the judgment sustaining the demurrer, or he may accept the judgment that the complaint was not good and file an amendment. If he elects to pursue the latter course he impliedly confesses that the original pleading was not sufficient and that it should be corrected. Having made his election, he may not then claim the benefit of the original pleading and the amended one too. (*Gale* v. *Tuolumne Water Co., supra.*) As pointed out, it is alleged that the St. James School and the St. James Church were both operated under the direction of the Roman Catholic Archbishop of San Francisco, and if the plaintiff is not in a position to claim that the amendment was not one of substance as to the one defendant, he is not as to the others.

Not only did the filing of the amended complaint vacate the default of the defendant entered on December 11, 1935, but it superseded the original complaint which dropped out of the case and ceased to have any effect as a pleading or as a basis for a judgment. (*Collins* v. *Scott*, 100 Cal. 446 [34 Pac. 1085] ; *Linott* v. *Rowland, supra; Gutleben* v. *Crossley, supra.*) At the time the second default was entered on September 11, 1936, the original complaint had gone out of existence as such, and the amended complaint had not yet been served on the defendant. The second default stood as a nullity and was properly vacated by the trial court. Likewise, the efficacy of the original complaint as a pleading having been destroyed by the filing of the amended complaint, no

judgment could be based upon it. Only the amended complaint was left to plaintiff as a pleading upon which to base a judgment against the defendant, and in support of which pleading he declined to put in any evidence. The trial court properly refused to give judgment upon the original complaint, and was bound to render judgment for the defendant upon the refusal of the plaintiff to support his amended complaint with proof.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.