[Civ. No. 19925.   Second Dist., Div. One.   Mar. 23, 1954.]

BLAIR H. TIDWELL, Respondent, v. VIOLET HENRICKS, Appellant.

Juaneita M. Veron for Appellant.

Walleck, Olstyn & Johnson and Robert F. Johnson for Respondent.

DORAN, J.—This is an appeal from the order denying the defendant's motion to vacate judgment, and to set aside the default.

As recited in appellant's brief, ''On or about July 18, 1952, the adult married son of appellant was operating an automobile on a certain boulevard in the City of Maywood, State of California, and while so operating an automobile became involved in an accident in which the respondent herein was injured.  The respondent was a pedestrian.  The automobile operated by the son of appellant was owned by and registered in his name.

"On November 19, 1952, the respondent filed a complaint for damages in the Superior Court, naming said son as a defendant and naming several defendants by fictitious names. The complaint sets forth a cause of action for negligence against the son and does not purport to state a cause of action against any defendant named by fictitious names therein. On December 3, 1952, appellant was served with a copy of the complaint and summons. On December 23, 1952, respondent requested entry of default against appellant, who had not filed an answer to the complaint, and said entry was made on December 31, 1952. On December 31, 1952, the respondent filed an amendment to the complaint under Section 472 of the California Code of Civil Procedure. The amendment contained nothing more than allegations that in 1949 the appellant had signed the application for a driver's license for her said son, who was then an unmarried minor, under the age of 18 years; that a driver's license was issued to said son and that said son was operating his automobile on the 17th day of July, 1952, by virtue of the privilege so to do granted by the aforementioned driver's license. The amendment contains no other allegations and does not contain a prayer for any kind or form of damages. Thereafter, and on or about January 3, 1953, a copy of the amendment alone was served upon appellant. On January 19, 1953, the respondent requested entry of default upon said amendment and thereupon said default was entered. Thereafter judgment was entered against appellant as aforesaid.''

It is contended on appeal that:

"(1) A default judgment rendered upon an entry of default which is wholly unauthorized is a void judgment.

"(2) To authorize the entry of a default the Court must have obtained jurisdiction of the defendant.

"(3) Where a default has been entered and thereafter the complaint is amended in substance the amendment opens the default and unless amended pleadings are served upon the defaulting defendant no judgment can be entered.''

It should be noted at the outset that only the copy of the amendment was served on appellant.

As argued by appellant, ''It is settled that where, after the default of a defendant has been entered, a complaint is amended in a matter of substance as distinguished from a matter of form the amendment *opens the default*, and unless *amended pleadings* be served on the defaulting defendant no judgment can properly be entered on the default . . . is not

such a matter of substances as to require *republication of summons*:

"*Stack* v. *Welder,* 3 Cal.2d 71 [43 P.2d 270]; 14 Cal.Jur. p. 890; *Woodward* v. *Brown,* 119 Cal. 283 [51 P. 2, 542, 63 Am.St.Rep. 108]; *Cole* v. *Roebling Const. Co.,* 156 Cal. 443 [105 P. 255], and many cases therein cited; *Sheehy* v. *Roman Catholic Archbishop of San Francisco* (1942), 49 Cal.App.2d 537 [122 P.2d 60].

"The filing of an amended complaint . . ., not only vacated a defendant's default, but superseded the original complaint, and the original complaint is dropped out of the case and ceased to have any effect as a pleading or as a *basis for a judgment.* Where an original complaint had dropped out of existence as such when a second default was entered against a defendant, and an amended complaint had not yet been served on defendant, the second default stood as a nullity and was properly vacated by the trial court:

"*Sheehy* v. *Roman Catholic Archbishop of San Francisco,* see *supra.*

"An amended complaint supersedes the original complaint, and it furnishes the sole basis of the cause of action.

"*Morehead* v. *Turner,* 41 Cal.App.2d 414 [106 P.2d 969]; *Riverside County* v. *Stockman,* 124 Cal. 222 [56 P. 1027]; *Linott* v. *Rowland,* 119 Cal. 452 [51 P. 687]."

Section 410, Code of Civil Procedure, provides that "a copy of the complaint must be served, with the summons, upon each of the defendants."

The authorities support appellant's contentions. Appellant has been denied the proverbial day in court and in the light of the record the judgment must be vacated and the default set aside. It is so ordered.

White, P. J., and Drapeau, J., concurred.