[Civ. No. 13166. Fourth Dist., Div. Two. Sept. 21, 1973.]

JOHN R. FORD, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
INICE E. ORTON, Real Party in Interest.

## COUNSEL

Neil R. Lewis and Ronald E. Wiksell for Petitioner.

No appearance for Respondent.

Bell & Behn and Paul M. Bell for Real Party in Interest.

## OPINION

**KAUFMAN, J.**—On the ground that the judgment was void (see 5 Witkin, Cal. Procedure (2d ed. 1971) pp. 3738-3739), petitioner John R. Ford (hereinafter defendant) moved the trial court to vacate a clerk's default judgment (Code Civ. Proc., § 585, subd. 1) entered against him and in favor of real party in interest Inice E. Orton (hereinafter plaintiff). The motion to vacate was denied, and this petition for mandate followed.

Although the order denying the motion to vacate may have been appealable as an order after judgment (Code Civ. Proc., § 904.1, subd. (b)), by issuing the alternative writ we have determined that petitioner had no *adequate* remedy in the ordinary course of law. (*Randone* v. *Appellate Department,* 5 Cal.3d 536, 543 [96 Cal.Rptr. 709, 488 P.2d 13]; *Brown* v. *Superior Court,* 5 Cal.3d 509, 515 [96 Cal.Rptr. 584, 487 P.2d 1224].)

### The Facts

Except for one, which will be noted in the margin, the facts are undisputed.

On June 7, 1966, plaintiff filed her original complaint consisting of two causes of action. The first cause of action sought recovery of $22,000 principal together with interest, costs and attorney fees against defendant Ford on a promissory note. This count disclosed, however, that the promissory note was secured by a second deed of trust on real property. It was

alleged that the security had become valueless by virtue of foreclosure of a first deed of trust on the same property.

The second count named as defendants Ford, Four Star Realty Corporation, Gregory E. James and Does 1 through 10. Recovery of $22,000 plus costs was sought against each defendant on the theory that said defendants had by fraudulent misrepresentations induced plaintiff to sell her real property in Santa Ana and accept as partial payment therefor the promissory note and second deed of trust (on different real property) sued upon in the first cause of action.

Defendant Ford was duly served with summons and a copy of this complaint on June 10, 1966. Having failed to answer or otherwise appear, his default was entered on September 29, 1966.

On February 17, 1967, plaintiff, apparently by leave of court, filed a document entitled "FIRST AMENDMENT TO COMPLAINT." This document purported to state a third cause of action. First, it referred to and incorporated by reference "each and every paragraph of [plaintiff's] first and second causes of action in her original complaint." It identified Doe 1 as John Feld and Doe 2 as Art Turner, and it sought recovery "[a]gainst defendants, and each of them," the additional sum of $1,865.58 together with interest alleging that plaintiff was fraudulently induced to pay this sum as real estate commissions in connection with the transaction referred to in the first and second counts. Defendant Ford was never served a copy of the "FIRST AMENDMENT TO COMPLAINT."

On May 10, 1968, again apparently by leave of court, plaintiff filed a document entitled "SECOND AMENDMENT TO COMPLAINT." This document purported to set forth a fourth cause of action. First, it referred to and incorporated by reference "each and every paragraph of [plaintiff's] second cause of action in her original complaint." It sought recovery "[a]gainst defendants, and each of them," of the sum of $22,000 together with interest on a theory of fraudulent inducement similar to that set forth in the second count except that the theory of recovery was negligent misrepresentation as opposed to fraudulent misrepresentation. Defendant Ford was never served a copy of the "SECOND AMENDMENT TO COMPLAINT."

On November 4, 1970, plaintiff dismissed the action against all defendants except defendant Ford and requested and obtained a clerk's default judgment (Code Civ. Proc., § 585, subd. 1) against defendant Ford in the total amount of $31,528.50, comprised of $22,000 principal, $1,460 attorney fees, $7,893.50 interest and costs in the amount of $175.[1]

---

[1]Defendant alleges that he did not learn of the entry or existence of this judgment until February 21, 1973, when plaintiff caused the levy of a writ of execution

On or about March 1, 1973, defendant moved the court to vacate the judgment on the ground that it was void. The motion to vacate was denied March 15, 1973.

*Disposition*

 There are at least two distinct infirmities in the judgment, each suggesting that the writ must issue.

In the first place, we do not think the clerk was authorized to enter judgment in this case under the provisions of subdivision 1 of section 585 of the Code of Civil Procedure. Notwithstanding the statutory language authorizing the clerk to enter judgment "[i]n an action arising upon contract," subdivision 1 of section 585 of the Code of Civil Procedure has been narrowly construed to authorize the clerk to enter judgment only where the contract provides for some definite, fixed amount of damages or where such may be ascertained by computation made by the clerk. If evidence must be taken to establish the amount due under the contract, the clerk may not render judgment. (*Lynch* v. *Bencini,* 17 Cal.2d 521, 525-526 [110 P.2d 662]; *Liberty Loan Corp. of North Park* v. *Petersen,* 24 Cal.App.3d 915, 918-919 [101 Cal.Rptr. 395]; *Lewis* v. *LeBaron,* 254 Cal.App.2d 270, 277 [61 Cal.Rptr. 903].) Where, as here, an action on a promissory note discloses that the note is secured by a deed of trust on real property and the allegation is made that the security has become valueless by virtue of foreclosure of a senior security, it is necessary to take evidence on the latter allegation to establish the amount due on the promissory note, and any default judgment should be had only after hearing by the court under subdivision 2 of section 585 of the Code of Civil Procedure, not by the clerk under subdivision 1 of that section. (Cf. *Liberty Loan Corp. of North Park* v. *Petersen, supra,* 24 Cal.App.3d at pp. 918-919.)

 Secondly, defendant was entitled to be served with a copy of plaintiff's "FIRST AMENDMENT TO COMPLAINT" and her "SECOND AMENDMENT TO COMPLAINT" (Code of Civ. Proc., §§ 471.5 [formerly § 432], 1010), and plaintiff's filing these amended pleadings had the effect of opening up defendant's default on the original complaint. A defendant who is in default as to the original complaint is entitled to service of an amended pleading making a change of substance, as opposed to a change of form, and has a right to answer or demur thereto. (*Leo* v. *Dunlap,* 260 Cal. App.2d 24, 27 [66 Cal.Rptr. 888]; *Gerardo* v. *Gerardo,* 114 Cal.App.2d

---

upon defendant's property. In her return to the alernative writ, plaintiff denies this allegation.

371, 374 [250 P.2d 276]; *Sheehy* v. *Roman Catholic Archbishop*, 49 Cal. App.2d 537, 539 [122 P.2d 60]; see 3 Witkin, Cal. Procedure (2d ed. 1971) pp. 2613-2614.) Plaintiff's contention that the amendments to the complaint filed by her were not substantive in nature and did not affect defendant is untenable. Her "FIRST AMENDMENT TO COMPLAINT" purported to state a new cause of action against all defendants, including petitioner, for additional damages. Her "SECOND AMENDMENT TO COMPLAINT" purported to state an alternative cause of action to the second count of the original complaint. It was directed against all defendants including petitioner and was based on a different legal theory, negligent misrepresentation as opposed to fraudulent misrepresentation. These changes cannot be considered mere matters of form.

Plaintiff also appears to contend that since she filed only amendments to the complaint as opposed to amended complaints, the original complaint remained extant. If that is the contention, it is not meritorious. There is but one complaint in a civil action (see *Cohen* v. *Superior Court,* 244 Cal. App.2d 650, 656 [53 Cal.Rptr. 378]), and, insofar as the rule that an amendment of substance opens a default is concerned, it matters not whether the amendment is accomplished by an amended complaint or an amendment to the complaint. (See *Tidwell* v. *Henricks,* 124 Cal.App.2d 64, 65-66 [268 P.2d 84]; cf. *Cohen* v. *Superior Court, supra,* 244 Cal. App.2d at p. 657.) Moreover, plaintiff's "FIRST AMENDMENT TO COMPLAINT" incorporated by reference each and every paragraph of each cause of action of the original complaint and was therefore, in fact, an amended complaint. (*Cohen* v. *Superior Court, supra.*)

To eliminate any possible confusion upon remand and to ensure that plaintiff would not by issuance of a writ in this case be deprived of her day in court, we invited defendant to waive the two-year and five-year diligent prosecution provisions of section 583 of the Code of Civil Procedure (now subds. (a) and (b) of Code Civ. Proc., § 583), but defendant declined to do so. We have concluded that our invitation to defendant was unnecessary and that defendant's declination is immaterial. ■ The time period between the entry of the default judgment and the issuance of the remittitur in this case is not in any event included within said two-year and five-year periods. (See *Heward* v. *Cromwell,* 216 Cal.App.2d 613, 616 [31 Cal.Rptr. 249]; cf. *Guy F. Atkinson Co.* v. *State of California,* 17 Cal.App.3d 1065, 1068 [95 Cal.Rptr. 543].)

Let a peremptory writ of mandate issue to the Superior Court of the State of California in and for the County of Orange commanding said court to vacate its order dated March 15, 1973 in the case of Inice E. Orton

v. John R. Ford, et al., No. 147414, denying defendant Ford's motion to vacate the judgment and commanding said court to enter an order granting said motion.

Kerrigan, Acting P. J., and Tamura, J., concurred.