77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John P. SULLIVAN, Plaintiff-Appellant,
v.
Thomas BURKLAND; Landis Berthiaume; Arthur J. Balazs;
McDonnell Douglas Aircraft; David O. Swain, an
Individual Acting in Capacity of
McDonnell Douglas Corporation,
Defendants-Appellees.
 No. 94-56298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
As Amended March 7, 1996.
 
 Before: PREGERSON, CANBY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John P. Sullivan appeals pro se the district court's dismissal of his action against his former employer McDonnell Douglas Corporation and its employees for failure to state a claim. In his complaint, Sullivan alleged claims under California state law for intentional infliction of emotional distress and wrongful discharge.[1] We have jurisdiction pursuant to 28 U.S.C. 1291, and we vacate and remand.
 
 
 3
 We review de novo the district court's dismissal of an action for failure to state a claim. See Blake v. Dierdorff, 856 F.2d 1365, 1368 (9th Cir.1988). We accept all material allegations in the complaint as true and resolve all doubts in favor of the plaintiff. Id. Unless its is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice and opportunity to amend the complaint before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 In his complaint, Sullivan alleged that McDonnell Douglas discriminated against him by terminating him from his position as an Industrial Engineer and subsequently filling the position with a younger, less qualified individual. Although Sullivan never explicitly states that he was discriminated against because of his age, he does allege to seek redress for "wrongful acts against Senior Citizens in California."
 
 
 5
 Defendants first contend that the district court correctly dismissed Sullivan's complaint for wrongful discharge without giving him an opportunity to amend because there is no basis under California law for his action. This contention lacks merit.
 
 
 6
 California's Fair Employment and Housing Act ("FEHA") provides that freedom from job discrimination based on age is a civil right, and that such discrimination is against public policy and constitutes an unfair employment practice. See Cal.Gov't. Code §§ 12920, 12941. It therefore appears that FEHA may provide Sullivan with the avenue by which to bring his claim for wrongful discharge.
 
 
 7
 Defendants contend that Sullivan is precluded from bringing an action under FEHA because he has failed to allege exhaustion of his administrative remedies. This contention lacks merit.
 
 
 8
 Prior to bringing a claim under FEHA in court, an employee must exhaust his administrative remedies by filing an administrative complaint with the appropriate administrative agency and then obtaining a notice of the right to sue. Okoli v. Lockheed Technical Operations, 43 Cal.Rptr.2d 57, 60 (1995). Here, Sullivan's complaint alleges that "he has exhausted all administrative requirements" and "comes with a right to sue." Construing all doubt in favor of Sullivan, see Blake, 856 F.2d at 1368, it appears that Sullivan has attempted to allege exhaustion of his administrative remedies.
 
 
 9
 Given the allegations in Sullivan's complaint, it is not absolutely clear that Sullivan can prove no set of facts in support of his claim for age discrimination. See Noll, 809 F.2d at 1448. Accordingly, we vacate the district court's dismissal and remand the action so that Sullivan may be given an opportunity to amend his complaint to state whether defendants discriminated against him on the basis of his age and, if so, whether he has exhausted in a timely fashion the administrative remedies available to him under FEHA.
 
 
 10
 Finally, we reject defendants' contention that Sullivan's claim for intentional infliction of emotional distress is necessarily barred by the California Worker's Compensation Act. See Leibert v. Transworld Systems, Inc., 39 Cal.Rptr.2d 65, 72 (1995) (holding that a claim for intentional infliction of emotional distress arising from employment discrimination based on sexual orientation is not barred by California's Worker's Compensation laws because such actions constitute discrimination in violation of a fundamental state public policy, and therefore fall outside the exclusive remedy provision of the Labor Code). Sullivan should be given leave to amend his complaint to allege facts showing that defendants' discriminatory conduct was so outrageous that it amounted to intentional infliction of emotional distress under California law. See Rojo v. Kliger, 801 P.2d 373, 382 (1990) ("[A]n employer's discriminatory actions may constitute ... outrageous conduct redressable under a theory of intentional infliction of emotional distress").[2]
 
 
 11
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sullivan brought his action in California state court and the defendants removed the action, against Sullivan's objections, on the basis of diversity jurisdiction. In his opening brief, Sullivan states that he does not seek redress under either Title VII or the Age Discrimination in Employment Act
 
 
 [2]
 Should Sullivan be successful in amending his complaint to state a claim, a remand to state court may then be appropriate on the basis that inclusion of the individual defendants in the action would destroy diversity jurisdiction. See 28 U.S.C. § 1332; see e.g., Page v. Superior Court, 37 Cal.Rptr. 529, 532 (1995) (holding that a supervisor is a "person" subject to liability under FEHA)